UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61164-CV-WILLIAMS
CASE NO. 16-60227-CR-HURLEY (WILLIAMS)
MAGISTRATE JUDGE REID

TODD STEPHENS,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE MOTION TO VACATE - 28 U.S.C. § 2255

### I. Introduction

Movant, **Todd Stephens,** filed a *pro se* amended motion to vacate, pursuant to 28 U.S.C. § 2255, attacking the constitutionality of his conviction and sentence for conspiracy to launder monetary instruments entered following a guilty plea in **Case No. 16-60227-CR-Williams.** For the reasons discussed below, Movant's § 2255 motion should be DENIED as he is not entitled to habeas corpus relief.

This Cause has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Fla. Admin. Order 2019-02, and Rules 8 and 10 Governing Section 2255 cases in the United States District Courts.

1

For its consideration of the amended motion to vacate [CV ECF No. 60],[1] the court has reviewed the government's response to this court's order to show cause [CV ECF No. 66], and Movant's reply [CV ECF No. 86].  The court takes judicial notice of the relevant pleadings in the underlying criminal case. *See* Fed. R. Evid. 201; *United States v. Glover,* 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999).

## II. Claims

Construing the § 2255 motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)(per curiam), Movant raises three main grounds for relief, with numerous sub-claims. [CV ECF No. 60 at 4, 5, 7]. For purposes of clarity, Movant's claims are numbered, to the extent practicable, consistent with Movant's filings, as follows:

1.   He was denied effective assistance of counsel, where his lawyer:

> (1)   failed to produce witnesses [CV ECF No. 60 at 4];
>
> (2)   failed to inform the court that there had been two attempts to assassinate Movant [CV ECF No. 60 at 4];[2]
>
> (3)   failed to file a pre-trial motion to dismiss the Information on the basis that "mere presence" is not sufficient to establish criminal liability [CV ECF No. 60 at 4];
>
> (4)   failed to review the evidence [CV ECF No. 60 at 4];
>
> (5)   failed to advised Movant as to his maximum statutory sentence exposure [CV ECF No. 60 at 4];
>
> (6)   misadvised him about going to trial [CV ECF No. 60 at 4];
>
> (7)   misadvised him about the specific sentence he would be "entitled to" [CV ECF No. 60 at 4];

---

[1]Citations to [CV ECF No. ] refer to docket entries in this federal § 2255 proceeding, while citations to [CR ECF No. ] refer to the docket entries in the underlying criminal case under attack here.

[2]Movant provides no information when or who made the attempts, how they are relevant to the instant § 2255 motion, and what impact, if any, it had on the underlying criminal case.

(8)  failed to investigate the facts and the circumstances [CV ECF No. 60 at 4];

(9)  misadvised him about the "full significance" of the appellate waiver contained in the negotiated plea agreement [CV ECF No. 60 at 4];

(10)  actions and/or inactions resulted in a "breakdown" of "the adversary process" [CV ECF No. 60 at 4];

(11)  failed to appeal the sentence imposed [CV ECF No. 60 at 4];

(12)  misadvised him about his right to a direct appeal [CV ECF No. 60 at 4];

(13)  was ineffective on direct appeal [CV ECF No. 60 at 4]; and,

(14)  failed to appeal the unconstitutional imposition of restitution [CV ECF No. 60 at 4].

2.  His Fifth Amendment Due Process Rights were violated by the "federal government" when:

(1)  it failed to provide sufficient evidence to support the charges in the Information [CV ECF No. 60 at 5];

(2)  it moved for an illegal and improper forfeiture order [CV ECF No. 60 at 5];

(3)  it failed to correct errors in the Presentence Investigation Report ("PSI") [CV ECF No. 60 at 5]; and,

(4)  it moved to prosecute, convict, sentence, and then obtain restitution from Movant knowing it did not have information or evidence Movant was responsible or accountable for the fraudulent activities of others [CV ECF No. 60 at 5].

3.  His Eighth Amendment rights were violated when the Court:

(1)  imposed an excessive and unreasonable restitution order [CV ECF No. 60 at 7]; and,

(2)  imposed illegal enhancements to his sentence based on a conspiracy in which he was not a participant. [CV ECF No. 60 at 7].

3

In his reply [CV ECF No. 86], Movant raises an additional claim, as follows:

4.      He is entitled to vacatur of his conviction and sentence based on the United States Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019), because the government failed to prove he knowingly participated in the healthcare fraud. [*Id.* at 5].

### III. Procedural Background

### A. Indictment to Sentence

After negotiating plea agreements with Movant and his sixteen co-defendants, and after Movant waived return of an Indictment, Movant pled guilty to an Information charging him with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h) (Count 2). [CR ECF Nos. 1, 26, 163, 165, 167, 746]. He was adjudicated guilty and sentenced to a total term of 120 months of imprisonment, followed by three years of supervised release. [CR ECF Nos. 483, 505, 739]. An amended judgment was entered on May 17, 2017 adding restitution in the amount of $130,220,803.56. [CR ECF No. 665].

Although Movant initially prosecuted a timely notice of appeal, he later moved to voluntarily dismiss the appeal, which was granted by the appellate court on **May 10, 2017.** [CR ECF No. 611]. In the context of a § 2255 motion, this court has determined that a movant has ninety days to file a petition for writ of certiorari after dismissal of a direct appeal because the dismissal order renders the conviction "final" for purposes of triggering the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(a). *See Jordan v. United States,* No. 16-60989-CV-Bloom, 2017 WL 6512239 (S.D. Fla. Dec. 1, 2017), *report and recommendation adopted by Jordan v. United States,* 2017 WL 6506565 (S.D. Fla. Dec. 18, 2017), *cert. appealability denied by, Jordan v. United States,* No. 18-10615-K, 2018 WL 2328179 (11th Cir. Apr. 19, 2018)(finding conviction final ninety days after direct appeal dismissed)(citing *United States v. Richardson,* No. 99-7152, 215 F.3d 1338 (10th Cir. May

24, 2000)(unpub.)(finding in a § 2255 proceeding, movant's conviction becomes final when ninety-day period for filing certiorari petition expired following dismissal of direct appeal)(citing S. Ct. R. 13.1). Pursuant to Supreme Court Rule 13.1. "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate." (emphasis added).

Where, as here, Movant could have, but did not seek further review of the appellate court's order of dismissal, the judgment became final on **August 8, 2017,** when the ninety-day period for seeking certiorari review in the United States Supreme Court expired following dismissal of his direct appeal. *See Jordan, supra; United States v. Gentry,* 432 F.3d 600, 604, n.2 (5th Cir. 2005)(noting that federal prisoner's conviction became final ninety days after court of appeals dismissed direct appeal for want of prosecution); *United States v. Sosa,* 364 F.3d 507, 509 (4th Cir. 2004)(federal prisoner's conviction became "final," triggering one-year limitations period applicable to §2255 motion to vacate, ninety days after court of appeals dismissed defendant's direct appeal).

At the latest, Movant was required to file this motion to vacate within one year from the time his conviction became final, or no later than **August 8, 2018.** *See* 28 U.S.C. § 2255(f)(1); *Griffith v. Kentucky,* 479 U.S. 314, 321 n.6 (1986); *Downs v. McNeil,* 520 F.3d 1311, 1318 (11th Cir. 2008).

### D. Post-Conviction Proceedings

Movant filed his initial § 2255 motion on **May 21, 2018**.[3] [CV ECF No. 1 at 9-10]. He included a request for leave to amend, and raised **claim 1**, as listed above. [*Id.* at 4]. Movant's

---

[3]It bears noting that in March 2018, Movant filed a "notice" in his underlying criminal case advising the court that he intended to file a § 2255 motion, but did not identify any grounds he intended to raise, nor did he attach a proposed § 2255 motion. [CR ECF No. 732]. On May 2, 2018,

leave to amend was granted, without prejudice to application of *Davenport v. United States,* 217 F.3d 1341 (11th Cir. 2000). [4] [CV ECF No. 4]. In June 2018, Movant's request for an extension of time was granted and then later *sua sponte* extended. [CV ECF Nos. 19, 24].

In July 2018, Movant filed his amended § 2255 motion, not on the proper form, raising seventeen claims, all of which were bereft of factual support and subject to summary dismissal. [CV ECF No. 25 at 15-16]. The amendment was stricken and Movant again ordered to file a final amendment, on the proper form, curing the deficiencies identified by the court. [CV ECF No. 26]. Rather than comply with the court's order, Movant filed a mandamus petition, construed as an objection to the court's order striking his amended motion and a motion to stay. [CV ECF Nos. 29, 31, 32]. The district court overruled Movant's motions, finding mandamus relief was not warranted, and ordering him to file his amended § 2255 motion on the proper form, by November 2, 2018. [CV ECF No. 33].

Movant appealed the denials of his motions, including the mandamus petition(s). [CV ECF Nos. 34-35, 49-50]. On July 29, 2019, the appellate court dismissed his appeals, finding the orders being appealed were not final orders and, therefore, not subject to immediate review under the collateral order doctrine. [CV ECF No. 58 at 2].

---

Movant mailed a motion requesting a ninety-day extension of time to file his § 2255 motion, but again failed to identify any claims he wished to pursue or attach a proposed § 2255 motion. [CR ECF No. 737]. The district court entered an Order [CR ECF No. 738] correctly denying the motion. *See* 28 U.S.C. § 2255; *Adams v. United States,* 173 F.3d 1339, 1342 (11th Cir. 1999)(per curiam). Because Movant had yet to file an actual § 2255 motion at the time he filed these motion in the underlying criminal case, no actual case or controversy existed, since the motions did not raise any potential grounds for relief challenging the constitutionality of the underlying criminal judgment. A habeas petition is not "pending" until a section 2255 motion is actually filed. *See Swichkow v. United States,* 565 F. App'x 840, 844 (11th Cir. 2014)(per curiam).

[4] In *Davenport v. United States,* 217 F.3d 1341, 1346 (11th Cir. 2000), the Eleventh Circuit held that where a movant adds new claims in an amended § 2255 motion to vacate which do not relate back to claims raised in an initial timely filed motion, the new claims are time-barred. *See also Mayle v. Felix,* 545 U.S. 644 (2005).

After the appeal concluded, Movant was again ordered to file a final, amended § 2255 motion, curing the deficiencies previously identified by the court. [CV ECF No. 59]. On **August 25, 2019,** Movant executed under penalty of perjury and handed to prison authorities for mailing his operative, amended § 2255 motion, which was prepared on the proper form authorized for such filings. [CV ECF No. 60 at 13]. There, Movant raised the three claims identified above. [*Id.* at 4, 5, 7].

Arguably, **claim 1** is timely as it relates back to his initial, timely filed § 2255 motion. *See* Fed. R. Civ. P. 15(c)(1)(B); *Davenport,* 217 F.3d at 1346. **Claims 2 and 3** are time-barred, however, because they were not presented to the court until after the one-year limitation period for doing so had already expired. Fed. R. Civ. P. 15(c)(1)(B); *Davenport,* 217 F.3d at 1344-45; *Mayle v. Felix*, 545 U.S. 644, 650 (2005)(holding that "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in time and type from those the original pleading set forth.). "Relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle,* 545 U.S. at 659. Therefore, relation-back turns on the facts underlying a claim, not the legal theory. *Mayle,* 545 U.S. at 646.

In order for a newly-added claim to be reviewed on the merits it must arise from the same circumstances and have more in common with the timely-filed claims in the initial § 2255 motion than the mere fact that it arose out of the same criminal proceeding. *Dean v. United States,* 278 F.3d 1218, 1222 (11th Cir. 2002)(per curiam)(citing, *Davenport,* 217 F.3d at 1344).

As applied, **claims 2 and 3** are new claims which do not arise out of the same circumstances as claim 1 and, as a result, are time-barred. *See Farris v. United States,* 333 F.3d 1211, 1215-16 (11th Cir. 2003)(per curiam)(amended motion challenging sentencing issues did not relate back to

other, different sentencing issues raised in original, timely § 2255 motion). Further, it would be futile to grant Movant leave to amend because he only presents bare and conclusory claims bereft of any factual support, and any future attempt to support these claims would be now be time-barred.

### IV. Standard of Review

### A. Section 2255

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States,* 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Frady,* 456 U.S. 152, 165 (1982); *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004)(per curiam)(citations omitted). If a court finds a claim under § 2255 valid, the court shall vacate and set aside the judgment, and discharge the prisoner, grant a new trial, or correct the sentence. *See* 28 U.S.C. § 2255. The burden of proof is on Movant, not the government, to establish that vacatur of the conviction or sentence is required. *Beeman v. United States,* 871 F.3d 1215, 1222 (11th Cir. 2017) *reh'g en banc denied by* 899 F.3d 1218 (11th Cir. 2018), *cert. denied by* 139 S.Ct. 1168 (2019)(quoting *Rivers v. United States,* 777 F.3d 1306, 1316 (11th Cir. 2015)).

To overcome a procedural default arising from a claim that could have been, but was not raised on direct appeal, Movant must demonstrate: (1) cause for failing to raise the claim and resulting prejudice; or, (2) that a miscarriage of justice excuses the procedural default because Movant is actually innocent. *See McKay,* 657 F.3d at 1996. The actual innocence exception is exceedingly narrow in scope as it concerns a petitioner's "actual" innocence, rather than his "legal" innocence. *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001).

## B. Ineffective Assistance of Counsel Principles

Where, as here, a defendant challenges counsel's effectiveness, he must demonstrate that: (1) counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984). However, if Movant cannot meet one of *Strickland*'s prongs, the court need not address the other prong. *Strickland,* 466 U.S. at 697; *Brown v. United States,* 720 F.3d 1316, 1326 (11th Cir. 2013). The *Strickland* standard applicable to ineffective assistance of trial counsel claims also governs ineffective assistance of appellate counsel. *See Corales-Carranza v. Sec'y, Fla. Dep't of Corr.,* 768 F. App'x 953, 957 (11th Cir. 2019)(per curiam)(quoting *Brooks v. Comm'r, Ala. Dep't of Corr.,* 719 F.3d 1292, 1300 (11th Cir. 2013)(per curiam)(internal quotation marks omitted)).

To show deficient performance, a movant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008)(citations omitted). With regard to the prejudice requirement, Movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694. Counsel, however, has no duty to raise non-meritorious claims. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014). Courts may not vacate a conviction or sentence solely because the outcome would have been different, but for counsel's

9

error, as it may grant the defendant a windfall to which the law does not entitle him. *Lockhart v. Fretwell,* 506 U.S. 364, 369-70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.,* 611 F.3d 740, 754 (11th Cir. 2010). Bare and conclusory allegations of ineffective assistance are also insufficient to satisfy the *Strickland* test. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *Boyd v. Comm'r, Ala. Dep't of Corr.,* 697 F.3d 1320, 1333-34 (11th Cir. 2012).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail ... are few and far between." *Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc). The *Strickland* test does not require a showing of what the best or good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle v. Sec'y, Dep't of Corr.,* 480 F.3d 1092, 1099 (11th Cir. 2007). In retrospect, where an attorney's decision appears to have been unwise, it will have been ineffective only if it was "so patently unreasonable that no competent attorney would have chosen it." *Dingle,* 480 F.3d at 1099 (citations omitted).

A meritorious claim of ineffective assistance of counsel can, however, constitute cause for a procedurally defaulted claim. *See United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000). Ineffective assistance of counsel claims, however, are generally not cognizable on direct appeal and are properly raised by way of a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503 (2003); *United States v. Patterson,* 595 F.3d, 1324, 1328 (11th Cir. 2010).

### V. Discussion

### A. Claim 1-Ineffective Trial Counsel Claims

1. Claim 1 is Subject to Summary Dismissal

In **claim 1,** Movant raises fourteen different arguments challenging counsel's effectiveness. [CV ECF No. 60 at 4]. First, the claims are all bereft of factual support and subject to summary dismissal. It is well settled that conclusory legal arguments, without factual support, or for that matter, any support in the record, are insufficient to state a basis for relief under § 2255. *See Caderno v. United States,* 256 F.3d 1213, 1217 (11th Cir. 2001)(per curiam)(vague, conclusory allegations in a § 2255 motion are insufficient to state basis for relief)); *Tejeda v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991)(quoting *Stano v. Dugger,* 901 F.2d 898, 899 (11th Cir. 1990)(petitioner not entitled to habeas corpus relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the fact of the record are wholly incredible.'")); *Boyd,* 697 F.3d at 1333-34 (bare and conclusory allegations of ineffective assistance of counsel do not warrant § 2255 relief)). Thus, **claim 1** should be DISMISSED in its entirety because Movant provides no factual support for any of the individual claims raised.

2. Pre-Plea Claims 1(1) through 1(10) Waived by Knowing & Voluntary Plea

Next, as to **claims 1(1) through 1(10),** Movant waived his right to challenge these claims by entering into a knowing and voluntary plea. A defendant waives all non-jurisdictional errors, including non-jurisdictional defects and defenses, when he enters a knowing and voluntary plea. *See United States v. Broce,* 488 U.S. 563 569-70, 574-75 (1989); *United States. Brown,* 752 F.3d 1344, 1347, 1354 (11th Cir. 2014). Contrary to Movant's representations here, review of the record confirms that Movant's plea was knowing and voluntary, and not the result of misadvice or coercion from counsel or any other party. Movant's representations here are directly refuted by his representations at the change of plea proceedings and his executed written plea agreement and stipulated factual proffer. [CR ECF Nos. 165-166, 746].

The Movant may not raise claims relating to the alleged deprivation of constitutional rights

occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); attack the voluntary and knowing character of the guilty plea, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)(per curiam); or, challenge the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986)(per curiam).

To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Patti*, 337 F.3d at 1320; *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005)(citing *United States v. Jones*, 143 F.3d 1417, 1418-19 (11th Cir. 1998)(per curiam). In other words, a voluntary and intelligent plea of guilty made by an accused person must therefore stand unless induced by misrepresentations made to the accused person by the court, prosecutor, or his own counsel. *Brady v. United States*, 397 U.S. 742, 748 (1970).

Where, as here, Movant made statements under oath at the change of plea proceedings, "he bears a heavy burden to show his statements were false." See *United States v. Caldwell*, 805 F. App'x 743, 746 (11th Cir. 2020)(per curiam)(quoting *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)(per curiam)(explaining a defendant bears a heavy burden to show that his statements under oath were false)).

At his change of plea hearing, Movant acknowledged he retained Attorneys Henry P. Bell, Esquire ("Atty Bell") and John Priovolos, Esquire ("Atty Priovolos") to represent him in the underlying criminal proceedings. [CR ECF No. 746 at 6]. He also acknowledged discussing the nature of the charges, the government's evidence, and possible defenses with his attorneys prior

agreeing to change his plea. [*Id.* at 6-7]. Importantly, Movant affirmed he was satisfied with the advice and services provided to him by counsel. [*Id.* at 8]. Further, Movant does not identify here whether one or both of his attorneys were purportedly ineffective.

Regardless, his claims are waived by his knowing and voluntary plea. At the change of plea proceeding, Movant affirmed that he signed both the negotiated plea agreement and the stipulated factual proffer only after review and consultation with counsel about their contents. [*Id.* at 7-8]. He denied suffering from any mental or psychological problems, and denied using any kind of illegal drugs which would preclude him from understanding the change of plea proceedings. [*Id.* at 10-12].

Regarding the waiver of his constitutional rights, Movant understood and accepted that he was waiving his right to a jury trial, including the right to confront witnesses, to cross-examine witnesses, to remain silent or testify on his own behalf at trial, and to call witnesses to testify and present evidence. [*Id.* at 14-16].

Movant further agreed to waive his right to be charged by Indictment and to proceed on an Information. [*Id.* at 18]. The court explained and Movant understood that the goal of the conspiracy to money launder for which he was pleading guilty to, required the government to prove that a person engaged in, or attempted to engage in, a monetary transaction, for example, depositing money into a bank, in and affecting interstate commerce. [*Id.* at 20-21]. The government would also be required to prove that the monetary transaction involved property derived from some illegal activity, and that the value of the money was greater than $10,000.00. [*Id.* at 21]. Further, the government would have to prove that Movant knowingly acted with knowledge that the monetary transaction involved proceeds of a criminal offense, and that the transaction took place inside the United States. [*Id.*].

The court then summarized that the government would have to prove: (1) there was a group of people planning to commit the above type of money laundering; (2) that Movant understood the group intended to engage in monetary transaction over $10,000.00; (3) that Movant understood would affect instate commerce;(4) that Movant knew it came from specified unlawful activity; and, (5) that Movant knowing all of the foregoing willfully joined or did something to further the goal of the conspiracy. [*Id.* at 22].

Regarding his sentence exposure, Movant understood he faced up to ten years of imprisonment, followed by supervised release, a fine, and restitution.[5] [*Id.* at 23-24].

Movant acknowledged that the written plea agreement contained the entire agreement entered into with the government, and denied being threatened, or offered any other inducement in order to change his plea to guilty. [*Id.* at 33]. Movant affirmed pleading guilty freely and voluntarily because he did, in fact, knowingly and intentionally join a conspiracy, realizing and understanding the goal was to commit money laundering. [*Id.*].

Regarding the stipulated facts, the government proffered and Movant agreed that on or about 2013 through September 2015, Movant engaged in a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), as charged in Count 2 of the Information. [*Id.* at 35-36]. Movant understood the evidence would show that in or about 2013, Movant and his co-conspirators established NuMedCare, LLC ("NuMed"), a compounding pharmacy management company located in Boca Raton, Florida, as a base of operations for the fraud and money laundering activities. [*Id.* at 35-36]. Movant and his co-conspirators conspired to formulate,

---

[5]The statutory maximum term of imprisonment for violation of 18 U.S.C. § 1957(b)(1) is ten years of imprisonment.

manufacture, and distribute compounded medications[6] through fraud, in conjunction with co-conspirator physicians. [*Id.* at 36]. Movant and his co-conspirators agreed to acquire insurance reimbursement from insurance provides through a scheme and artifice which included illegal payments to physicians, mass unsolicited marketing of the compound medicine, and manipulation of the compounded formulation, among other means, including obtaining control of failing pharmacies in order to perpetuate the fraud. [*Id.* at 37]. One method used to perpetuate the fraud was to obtain prescriptions through corrupts co-conspirator physicians who would receive unlawful compensation in various forms for the issuance of the prescriptions. [*Id.*].

The wire and electronic communications transmitted by the conspirators to insurance providers failed to disclose that the majority of the prescriptions issued for the compound medication by corrupt physicians were issued solely for illegal financial compensation and without regard to medical necessity. [*Id.* at 37-38]. The insurance providers, upon receipt of the insurance claims, would reimburse the co-conspirator compounding pharmacies through payments made via interstate wire communication facilities. [*Id.* at 38].

From on or about April 2013, Movant financed NuMed and was its chief financial officer until on or about December 2013. [*Id.*]. While he was involved with NuMed, Movant became aware that NuMed obtained criminally derived property consisting of insurance reimbursements generated through mail and wire fraud activities committed on insurance providers, and was paid millions of dollars as his share from the fraudulently obtained insurance reimbursement. [*Id.*]. Movant also directed that the millions of dollars in proceeds derived from the fraud scheme be used to purchase assets, including real property in Colorado, Michigan, Texas, and Florida. [*Id.*].

---

[6]"Compounded medications refers generally to a specific medication created for a specific individual. [*Id.* at 36-37].

The assets were purchased for more than $10,000.00, and they affected interstate commerce in the sense that the assets when purchased and transferred were located all over the country. [*Id.* at 39]. When asked if he agreed with the facts proffered by the government and whether he did those various things, as alleged, Movant responded in the affirmative. [*Id.*].

When asked if he had any questions, Movant responded that he did not. [*Id.* at 41]. Next, Movant indicated it was his desire to go forward and enter a guilty plea on Count 2 of the Information. [*Id.* at 41]. Thereafter, the court found Movant fully competent and capable of entering into an informed plea, that the plea was knowing and voluntary, supported by an independent basis in fact, containing each of the essential elements of the offense. [*Id.*]. Thus, the court accepted Movant's guilty plea, adjudicated him guilty of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), as charged in Count 2 of the Information. [*Id.* at 42].

From this record, it is clear Movant understood the facts and the elements of the offense upon which the charge rested. By way of entering into the negotiated plea agreement, Movant was telling his lawyer not to conduct any further investigation or present further legal defenses at trial.

Further, the second prong of *Strickland* requires Movant to demonstrate that, but for counsel's errors or misadvice he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. at 56-59; *Brown,* 752 F.3d at 1347. In his amended § 2255 motion, Movant has not alleged that he would have insisted on proceeding to trial, but for counsel's purported ineffectiveness or misadvice. In fact, his allegations that he was "coerced" by the government or "misled" by counsel, are belied by his sworn statements during the change of plea proceedings.

Such bare, conclusory allegations of ineffective assistance are insufficient to satisfy the

*Strickland* test. *See Boyd*, 697 F.3d at 1333-34; *Garcia v. United States*, 456 F. App'x. 804, 807 (11th Cir. 2012)(per curiam)(citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)). Given all of the foregoing, Movant cannot prevail on **claims 1(1) through 1(10)** as none of the arguments merit relief, since any such purported deficiency was either waived or cured by the court's thorough change of plea proceeding. Consequently, no relief is warranted on those specified claims.

3. Post-Sentencing and Appeal Ineffective Claims Belied by Record

In **claims 1(11), 1(12), 1(13), and 1(14),** Movant argues that counsel "misadvised him about his direct appeal," "failed to appeal his sentence," and was ineffective on appeal for failing to raise the "unconstitutional restitution." [CV ECF 60 at 4]. As will be demonstrated below, **claims 1(11) through 1(14)** are clearly refuted by the record. Consequently, counsel is not constitutionally deficient for failing to preserve or argue meritless claims. *See Denson v. United States,* 804 F.3d 1339, 1342 (11th Cir. 2015)(per curiam)(citing *Freeman v. Att'y Gen., Fla.,* 536 F.3d 1225, 1233 (11th Cir. 2008)).

Review of the underlying criminal record reveals that following entry of the original judgment in March 2017, both defense attorneys filed a joint motion to withdraw based on Movant's representation that he "wished to appeal" and to "raise ineffective assistance of counsel claims." [CR ECF No. 541]. A timely notice of appeal was filed on April 10, 2017. [CR ECF No. 542]. A duplicate notice was filed on April 11, 2017. [CR ECF No. 544].

At a hearing on the motion to withdraw, both attorneys and Movant indicated that they had "resolved any conflict", and Movant "no longer wished to appeal the judgment," and "wanted counsel to continue to represent him for pending matters." [CR ECF No. 548 at 2]. After the court advised Movant that he "had the right to conflict free counsel to advise him on the conflict issue

and to represent him in any further proceedings, the court found Movant "knowingly, intelligently and voluntarily waived his right to conflict free counsel." [*Id.*]. At the time, the defense indicated that they would be filing a "motion to withdraw" the "motion to withdraw by April 18, 2017." [*Id.*]. In light of the foregoing, it was recommended that the motion to withdraw [CR ECF No. 541] be withdrawn, as moot. On April 17, 2017, the motion to withdraw was denied as moot. [CR ECF Nos. 552-553].

Thereafter, Movant filed a motion seeking to voluntarily dismiss his notice of appeal, which was granted by the appellate court. [CR ECF No. 611]. On May 11, 2017, the Judgment entered on March 27, 2017 (CR ECF No. 505] was amended solely to add that Movant owed restitution in the amount of $130,220,803.56. [CR ECF No. 665]. As will be recalled, at the change of plea proceeding, Movant understood there existed the potential that he would have to pay restitution as part of his judgment. [CR ECF No. 746 at 23].

Almost a year later, Movant filed "objections" to the report recommending that defense counsel's joint motion to withdraw be denied as moot. [CR ECF No. 731]. Movant conceded that his attorneys did, in fact, file a requested direct appeal, but after he realized that the best avenue to pursue ineffective assistance of counsel claims was by way of a § 2255 motion, he voluntarily dismissed the appeal. [*Id.*]. In the objections, Movant also advised the court that he would be filing a future § 2255 motion. [*Id.*].

On this record, Movant has not demonstrated deficiency or prejudice under *Strickland.* His claim that counsel was ineffective for failing to "appeal his sentence," and "misadvised him about an appeal" is belied by the record, as a notice of appeal was filed as to the original judgment imposed.

To the extent Movant claims counsel was ineffective for failing to "object to and appeal an

unconstitutional restitution" judgment [CV ECF No. 60 at 4], Movant does not state any facts to support his claim that the restitution amount imposed was unlawful or that he instructed counsel to appeal the restitution judgment. Pursuant to 18 U.S.C. § 3663A(a)(1), the probation officer determined that the victim's losses were ascertainable and recommended that restitution be ordered. [PSI at ¶¶ 123-124]. Following a lengthy restitution hearing [CR ECF No. 661], in which the government provided numerous exhibits [CR ECF No. 669] pertaining to the ascertainable amount of restitution, an amended judgment [CR ECF No. 665 at 5] was entered ordering Movant to pay restitution in the amount of $130,220,803.56, joint and several with his co-conspirators. On this record, Movant has not demonstrated that the amount of restitution imposed was illegal or otherwise erroneous. Further, he does not allege that he consulted or otherwise instructed counsel to appeal the restitution judgment.

It is well settled that an attorney's failure to consult with a defendant regarding the defendant's appellate rights requires the application of two-prong *Strickland* test. *See Roe v. Flores-Ortega*, 528 U.S.470, 477 (2000). If successful, the remedy for this type of ineffectiveness is an out-of-time appeal. *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

As is the case here, when a defendant has not instructed his counsel, one way or the other to file an appeal, whether counsel rendered ineffective assistance "is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." *Flores-Ortega*, 528 U.S. at 478. "Consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* It requires more than just asserting the view that an appeal will not succeed. *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007).

By Movant's own admissions here, it does not appear that any meaningful consultation was had with counsel regarding pursuit of a direct appeal of the restitution judgment. As noted previously, counsel only has a duty to consult regarding the filing of an appeal if "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega,* 528 U.S. at 480.

However, if counsel does not consult with the defendant, "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Flores-Ortega,* 528 U.S. at 480. To determine whether counsel had a duty to consult with a defendant about an appeal, a court must consider all of the information that counsel had known or should have known. *Flores-Ortega,* 528 U.S. at 480. A "highly relevant" factor is "whether the conviction follows a trial or guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Flores-Ortega,* 528 U.S. at 480. Even if the defendant pleaded guilty, "the court must consider such factors as whether the defendant received the sentence he bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Flores-Ortega,* 528 U.S. at 480. "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Flores-Ortega,* 528 U.S. at 480.

A defendant may reasonably demonstrate to counsel that he is interested in appealing by expressing unhappiness with his sentence compared to those of his codefendants, *Thompson*, 504 F.3d at 1207, or by asking his counsel, after sentencing, "What's next? What can we do now? and

20

then appearing 'crushed' upon hearing that nothing could be done," *Palacios v. United States*, 453 F. App'x 887, 889 (11th Cir. 2011).

As applied, Movant does not allege that he consulted with counsel regarding an appeal of the restitution judgment. Movant merely alleges that counsel failed to "object" and "appeal an unconstitutional restitution." [CV ECF No. 60 at 4]. Counsel does not have a duty to consult about an appeal where, as here, such expressions are absent and a defendant receives a sentence within the statutory maximum and well below the advisory guideline range. Thus, given this record, Movant is not entitled to an out-of-time appeal. *See Devine v. United States*, 520 F.3d 1286, 1288-89 (11th Cir. 2008)(per curiam).

Movant's conclusory allegation here is disingenuous. *See Flores-Ortega,* 528 U.S. at 484. For all of the foregoing reasons, Movant's claim warrants no habeas corpus relief.

### B. Claims 2 and 3

In addition to being time-barred, as they were raised for the first time in the amended § 2255 motion, and do not relate back to the timely filed claims raised in his initial § 2255 motion, **Claims 2 and 3** are also unexhausted and procedurally defaulted as they could have been, but were not raised on direct appeal. *See McKay,* 657 F.3d at 1996. In his § 2255 amended motion, Movant does not allege cause or prejudice to circumvent the procedural default of the claim or that a fundamental miscarriage of justice will result from the default. [CV ECF No. 60].

For the first time in his reply [CV ECF No. 86], Movant claims he can overcome the procedural default of the claims because he is actually innocent of the charged offense. [*Id.* at 2]. He again claims his guilty plea was "coerced" by the government, and he was "misled" by counsel as to the nature of the charges and the consequences of the plea agreement. [*Id.* at 3]. As previously noted, these arguments are directly refuted by the change of plea proceedings which proves that

Movant's plea was knowingly and voluntarily entered, and not the result of coercion by the government or misadvice from counsel. Consequently, claims 2 and three remain time-barred and procedurally defaulted from review.

### C. Rehaif Claim

**Claim 4,** a *Rehaif* claim, is raised by Movant for the first time in his reply. [CV ECF No. 86 at 5]. In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the United States Supreme Court interpreted the "knowingly" requirement of 18 U.S.C. § 922(g), requiring the government to prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *See United States v. Finley,* 805 F. App'x 823, 826-27 (11th Cir. 2020)(per curiam)(quoting *Rehaif,* 139 S. Ct. at 2195-96).

First, Movant cannot raise new arguments in a reply. *See* Rules Governing Habeas Corpus Cases Under Section 2255, Rule 2(b)(1)("The petition must ... specify all the grounds for relief available to the moving party. . ."). Also, Local Rule 7.1(c)(1) limits a reply memorandum to only rebuttal of matters in the response without re-argument of matters covered in Movant's initial habeas petition.

Thus, a reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying petition was filed and Movant was aware (or should have been aware) of the necessity of the evidence. *See, Herring v. Sec'y, Dep't of Corr.,* 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.")(internal quotations omitted); *Willis v. DHL Global Customer Sols. (USA), Inc.,* No. 10-62464-CV-Cohn, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 07, 2011)(collecting cases stating that it is inappropriate to raise new arguments in a reply brief and stating that courts in this district generally do not consider these

arguments). To permit a habeas movant to raise new arguments in a reply "essentially affords a litigant 'two bites at the apple.'" *See Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1239 (11th Cir. 1985).

Second, construing this argument as an amendment would also be inappropriate because Respondent has already served its answer. *See* Fed. R. Civ. P. 15(a)(a party is permitted to amend a pleading once as a matter of course at any time before a responsive pleading is served or, otherwise, only by leave of court or by written consent of the adverse party); Rule 12 of the Rules Governing Section 2255 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2255 Proceedings).

In any event, the Eleventh Circuit has held that *Rehaif* is not a "new rule of constitutional law," made retroactive to cases on collateral review, but rather simply "clarified that knowledge of one's status as a felon is an element of § 922(g)(1)." *See Finley,* 805 F. App'x at 826-27 (quoting *In re Palacios,* 931 F.3d 1314, 1315 (11th Cir. 2019)(internal quotation marks omitted)). Accordingly, the *Rehaif* claim is not cognizable here.

### VI. Cautionary Instruction Re *Clisby*[7] Rule

The Court is mindful of the *Clisby* rule that requires district courts to address and resolve all claims raised in habeas corpus proceedings, regardless of whether relief is granted or denied. *Clisby v. Jones*, 960 F.2d at 936-36; *Rhode v. United States,* 583 F.3d 1289, 1291-92 (11th Cir. 2009)(per curiam)(holding that *Clisby* applies to § 2255 proceedings). However, nothing in *Clisby* requires consideration of claims or arguments raised for the first time in objections. If Movant attempts to raise arguments or further factual support for his claims in objections, the court should exercise its broad discretion and refuse to consider the arguments not raised before the magistrate

---

[7]*Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992).

23

judge in the first instance. *See Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009) (finding no abuse of discretion by the district court in declining to consider timeliness argument that was not presented to the magistrate judge)). Further, where a precise argument, subsumed within any of the foregoing grounds for relief, was not specifically addressed herein, all arguments and claims were considered and found to be devoid of merit, even if not discussed in detail here.

### VII. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on Movant to establish the need for a federal evidentiary hearing. *See Jones v. Sec'y, Fla. Dep't of Corr.,* 834 F.3d 1299, 1318 (11th Cir. 2016)(citations omitted). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Jones,* 834 F.3d at 1318-19 (quoting *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007)). Even when considering the alleged facts as true, no evidentiary hearing is required because the facts are fully developed in the record before this Court. *See Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989)(citations omitted).

### VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2255 motion has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See Jackson v. United States,* 875 F.3d 1089, 1090 (11th Cir. 2017)(per curiam)(citing 28 U.S.C. § 2253(c)(1)). This Court should issue a certificate of appealability only if Movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected Movant's constitutional claims on the merits, Movant must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

However, when the district court has rejected a claim on procedural grounds, Movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Movant does not agree, he may bring this argument to the attention of the district judge in objections.

### IX. Recommendations

Based on the foregoing, it is recommended that:

1.      The motion to vacate be DENIED on the merits;

2.      Final judgment be entered in favor of Respondent;

3.      That no certificate of appealability issue; and,

4.      The case CLOSED.

Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1; *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Williams,* 557 F.3d at 1291 (finding district court has discretion to decline consideration of arguments not presented to the magistrate judge in the first instance).

Signed this 6th day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:     Todd Stephens, *Pro Se*
        Reg. No. 46080-080
        F.C.I. - Coleman Low
        Inmate Mail/Parcels
        Post Office Box 1031
        Coleman, FL 33521

        Jeffrey Kaplan, AUSA
        United States Attorney's Office
        500 E Broward Boulevard, 7th Floor
        Fort Lauderdale, FL 33301-3002
        Email: jeffrey.kaplan@usdoj.gov